UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM ORLANDO SMITH, #1128679,

        Petitioner,

v.                                      ACTION NO. 2:19cv295

HAROLD W. SMITHE,[1]
Director of the Virginia
Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on William Orlando Smith's ("Smith") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that Smith's petition be **DISMISSED WITHOUT PREJUDICE** to Smith's right to present his claims after obtaining an order from the United States Court of Appeals for the Fourth Circuit.

On May 31, 2019, Smith submitted a petition for a writ of habeas corpus to the United States District Court for the Western District of Virginia. ECF No. 1. Smith is challenging his conviction and sentence imposed by the Circuit Court for Chesterfield County. *Id.* at 1.

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Smithe, Director of the Virginia Department of Corrections. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

Accordingly, the case was transferred to this Court, the federal district court that is nearest to the court where the underlying state conviction arose, on June 3, 2019. ECF No. 2 (citing *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 US. 484, 497–99 (1973)).

Smith attacks his 2004 convictions in the Circuit Court for Chesterfield County, and his 2005 sentence, for rape and abduction. ECF No. 1 at 1. Smith asserts that the state court erred in denying his motion to amend the trial and sentencing orders, no voir dire was conducted, and he was denied effective assistance of counsel. *Id.* at 5–8; ECF No. 1-2 at 5–11.

Smith has previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court attacking the same convictions. On March 14, 2011, Smith filed a petition alleging ineffective assistance of counsel, trial court error, and insufficient evidence to convict him of the offenses charged. *Smith v. Clarke*, No. 2:11cv162, ECF No. 1. Smith's 2011 federal habeas petition was denied and dismissed on October 25, 2011. No. 2:11cv162, ECF No. 33. Smith's appeal to the United States Court of Appeals for the Fourth Circuit was dismissed on January 13, 2012. No. 2:11cv162, ECF Nos. 40, 41.

Smith's current petition is a successive section 2254 petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This Court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Smith's successive application for a writ of habeas corpus, nor does it appear from the petition that Smith has moved for such an order. Therefore, this Court may not consider Smith's application for a writ of habeas corpus.

2

It is therefore **RECOMMENDED** that Smith's federal petition be **DISMISSED WITHOUT PREJUDICE** to Smith refiling his federal petition after obtaining an order authorizing the filing of a successive petition from the Court of Appeals for the Fourth Circuit.

### REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based upon such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this report and recommendation to Smith.

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
August 5, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

William Orlando Smith, #1128679
Red Onion State Prison
P.O. Box 1900
Pound, VA 24279

Fernando Galindo, Clerk

By_____E. Price_____
Deputy Clerk

_____8/6/2019_____, 2019